No. 347
YARIAN v. DALEY
Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 5, 1923

118. AUTOMOBILES—Automobile driver held not insurer of safety of pedestrian.

ROBERTS, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

Upon alighting from a jitney car, Daley was struck by the automobile of Yarian. Daley secured judgment which Yarian sought to reverse, on the ground of erroneous charge to the jury. The court charged the jury that it was the duty of the driver of the automobile to exercise ordinary care such as would enable the driver to observe the danger of the pedestrian. In reversing the judgment, the Court of Appeals held:

1. The language places the positive and imperative duty upon the driver of the automobile to observe and notice the danger to plaintiff. In effect it makes him an insurer. This charge is erroneous.

Attorneys—F. R. Hahn, C. F. Schlarb and Clyde W. Osborne, for Yarian; Kennealy, Metcalfe & Cannon, for Daley; all of Youngstown.

---

No. 348
GATES v. LIFE INSURANCE CO.
Cincinnati Superior Court
No. 58792

723. LIFE INSURANCE—Period of grace held in conflict with 9420-2 GC.—Premium defined under 9420-2—Where insurance is paid quarterly, insured entitled to one month grace to pay premium under 9420-2 GC.—Beneficiary may pay premium within period of grace after death of insured.

MARX, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action on an insurance policy. Cleo Gates took out an insurance policy in the sum of $1,000, making her husband, William Gates, beneficiary. The policy provided for quarterly payment of premiums on the 2nd of February, May, August and November of each year for a period of 20 years. The premiums for the first two quarters were paid, but the premium for the third quarter, due Aug. 2, 1921, was not paid. The insured, Cleo Gates, died seven days later, on Aug. 9, 1921. Thereafter he tendered payment of the overdue premium, which the Insurance Company refused to accept.

At the request of the company Gates furnished proofs of the death, but it refused payment of its policy. Plaintiff claimed that the insured was entitled to 30 days' grace within which to pay the premium for the third quarter. The company claimed that the policy provided for a period of grace only after the payment of all premiums for the first year. In rendering a judgment in favor of the plaintiff, the Court held:

1. The provision of a policy of life insurance limiting the commencement of the period of grace until after the payment of all premiums for the first "year" is in conflict with 9420-2 GC., which provides for a grace of one month for the payment of all premiums after the "first" and is therefore invalid.

2. The word "premium" as used in 9420-2 GC., does not necessarily mean Annual Premium, but is the consideration paid for insurance for a stated period, whether such premium is paid quarterly, semi-annually, annually or for such other period as the parties may determine in accordance with the intention expressed in the policy or contract of insurance.

3. Where the intention of a policy of insurance is to provide for quarterly premiums and the premium for the first quarter is paid such payment constitutes a payment of the first premium within the meaning of 9420-2 GC. and the insured is entitled to a grace of one month within which to pay the premiums for all subsequent quarters.

4. Where the insured after paying the premiums for the first and second quarters under a limited payment life policy, failed to pay the premium for the third quarter of the first year on the date due and died within one month from said date, her beneficiary upon tendering the premium for such third quarter during the period of grace is entitled to recover the proceeds of the policy, less the overdue quarterly premium.

Attorneys—Alvin H. Rowe and John Thorndyke, for Gates; Clyde Johnson and Walter D. Murphy, for Insurance Company; all of Cincinnati.